IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITAL INVESTMENT AGENCY LIMITED, | : Civil Action No.: 05-042 |
| Plaintiff, | : |
| v. | : |
| INVESTMENT TRADING MANAGEMENT, INC., et al., | : |
| Defendants. | : |

**PLAINTIFF'S MOTION TO CLARIFY OR EXTEND TIME FOR PERSONAL SERVICE OF PROCESS ON DEFENDANT, MAURICE BLONDIN**

Plaintiff, Capital Investment Agency Limited, hereby moves for an Order clarifying or extending the time for personal service of process on defendant, Maurice Blondin, and in support hereof states:

1.  The case arises out of an investment fraud perpetrated against plaintiff, Capital Investment Agency Limited ("Capital"). Capital was induced by defendant, Maurice Blondin, and his company, defendant Investment Trading Management, Inc. ("ITM") to invest $500,000 in return for which Capital was promised significant returns on "self-liquidating loans." Blondin and ITM never funded the loans, however, and absconded with Capital's investment.

2.  ITM is a corporation organized and existing under the laws of the State of Delaware with a registered office at 701 Renner Road, Wilmington, DE 19810. ITM also maintains an operating office at 36 Avenue de Bovillon, 6800 Libramont, Belgium.

3.  Blondin was the President and/or Managing Director of ITM. Blondin maintained a business address at 701 Renner Road, Wilmington, DE 19810, and was also, on information and belief, a resident of Belgium.

4. Capital sued Blondin personally in this case for his own tortious conduct, and as the alter ego of ITM.

5. The third defendant in this case, Raoul J. Severo ("Severo") was a California lawyer representing Blondin and ITM, who purported to act as the escrow agent for Capital's funds.

6. Capital filed its Complaint in this case on January 25, 2005.

7. On February 16, 2005 the Complaint was served on Corporate Consulting Ltd., ITM's registered agent for service of process in Delaware.

8. At the same time, the Complaint was served on Blondin through Corporate Consulting, Ltd., his registered agent for service of process under Federal Rule of Civil Procedure 4 and 10 Del. Code § 3114.

9. The Summons and Complaint were accepted on behalf of Blondin and ITM on February 16, 2005 by Beth Shue of Corporate Consulting, Ltd.

10. On March 11, 2005, Capital filed proofs of service as to Blondin and ITM with this Court.

11. Severo was properly served and filed an answer to the Complaint on March 14, 2005.

12. Although Capital believes that Blondin was properly served through his agent, out of an abundance of caution, Capital has also attempted to serve Blondin personally in Belgium.

13. Despite its best efforts, including hiring a private detective, Capital has been unable to locate Blondin, in Belgium or elsewhere, to serve him personally.

**A. THIS COURT SHOULD ORDER THAT, THE 120 DAY LIMIT FOR SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) DOES NOT APPLY TO PERSONAL SERVICE UPON BLONDIN, A FOREIGN NATIONAL.**

14. Capital incorporates herein by reference Paragraphs 1 through 13 above as if the same were fully set forth at length.

15. Federal Rule of Civil Procedure 4(m) provides that an action will be dismissed with prejudice if service of the summons and complaint is not made upon a defendant within one hundred and twenty (120) days after filing of the complaint, unless the plaintiff can show good cause for the failure. However, this time limitation "does not apply to service in a foreign country pursuant to subdivision (f)" of Rule 4. Fed.R.Civ.P. 4(m).

16. Capital believes Blondin is a resident of Belgium. Blondin resided in Belgium during Capital's dealings with him, and Capital has been informed that Blondin still resides, or is present often, in Belgium.

17. Because personal service upon Blondin constitutes service in a foreign country pursuant to Federal Rule of Civil Procedure 4(f), the one hundred and twenty (120) day limitation contained in Rule 4(m) does not apply to Capital's efforts to serve process upon Blondin.

WHEREFORE, Capital Investment Agency Limited respectfully requests that the Court order that the one hundred and twenty (120) day limit for service of process contained in Fed. R. Civ. P. 4(m) does not apply to service of process on Blondin personally.

### B. IN THE ALTERNATIVE, THE COURT SHOULD EXTEND THE TIME IN WHICH CAPITAL CAN PERSONALLY SERVE PROCESS UPON BLONDIN.

18. Capital incorporates herein by reference Paragraphs 1 through 17 above as if the same were fully set forth at length.

19. In the alternative, even if this Court is inclined to find that Capital's service of process upon Blondin is subject to the one hundred twenty (120) day limitation contained in Federal Rule of Civil Procedure 4(m), the Court should extend the time in which Capital can serve process upon Blondin personally.

20. Federal Rule of Civil Procedure 4(m) provides that, if a plaintiff shows good cause for its failure to serve process within one hundred and twenty (120) days, "[T]he court shall extend the time for service for an appropriate period."

21. Near the end of Capital's attempted business dealings with Blondin, in 2004, Blondin stopped responding to Capital's correspondence and attempts to contact him.

22. Capital was unable to locate Blondin at the prior business address he had used in Belgium.

23. Soon after filing the Complaint in the instant matter, Capital retained a private investigator to attempt to locate Blondin in Belgium so that it could effectuate personal service upon Blondin. Capital also served process on Blondin's agent in Delaware.

24. Therefore, Capital has attempted to serve Blondin in good faith and did not act in an incompetent, neglectful manner and without due diligence, did not ignore the rules of procedure and should not have anticipated the delay.

25. The fact that Capital has served process upon Severo and ITM indicates

that Capital has attentively pursued the instant matter and has not acted neglectfully in prosecuting this case.

26. Because Capital has diligently attempted to serve process upon Blondin, this Court should extend the one hundred and twenty (120) day time limitation contained in Federal Rule of Civil Procedure 4(m).

WHEREFORE, plaintiff, Capital Investment Agency Limited, respectfully requests that the Court extend the time in which Capital can serve process upon Blondin by a reasonable amount of time, not less than one hundred and eighty (180) days.

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

By: _____
Jeffrey M. Carbino, Esquire (No. 4062)
Mark R. Owens, Esquire (No. 4364)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200 – telephone
(302) 552-4295 – facsimile
jmcarbino@klettrooney.com – email
mrowens@klettrooney.com – email

and

Gerald E. Burns, Esquire
Katie L. Miscioscia, Esquire
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 567-7500
Facsimile: (215) 567-2737

Attorneys for Plaintiff

Dated: May 25, 2005