IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITAL INVESTMENT AGENCY LIMITED, | Civil Action No.: 05-042 |
| Plaintiff, | |
| v. | |
| INVESTMENT TRADING MANAGEMENT, INC., et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CLARIFY OR EXTEND TIME FOR PERSONAL SERVICE OF PROCESS ON DEFENDANT, MAURICE BLONDIN**

## INTRODUCTION

This case arises from an investment fraud perpetrated against plaintiff, Capital Investment Agency Limited ("Capital"). Defendant, Maurice Blondin ("Blondin") induced Capital to invest $500,000 with Blondin's company, Investment Trading Management, Inc. ("ITM"), by promising Capital significant returns from investment vehicles that Blondin called "self-liquidating loans." Blondin and ITM, however, failed to fund these loans, and simply absconded with Capital's investment.

Capital filed this suit in January, 2005. ITM was incorporated in Delaware, and so Capital served the Complaint on ITM through ITM's Delaware agent for service of process. Capital also served Blondin, the President and Managing Director of ITM, through this agent. Capital believes that Blondin was thus properly served, but has also attempted to serve Blondin personally. This has proved difficult, however. Blondin was a resident of Belgium when he dealt with Capital, and Capital believes he still resides there. But Capital has been unable to locate Blondin, despite hiring a private detective to assist in the search.

KRLSPHI: 243635v2

The one hundred and twenty (120) day limit for service of process under Fed. R. Civ. P. 4(m) is now nearing expiration. Capital believes it has properly served Blondin through his agent in Delaware. Out of caution, however, Capital now moves for an order clarifying that, under Fed. R. Civ. P. 4(f), the one hundred and twenty (120) day limit does not apply to personal service on Blondin because he is a resident of a foreign country. In the alternative, Capital seeks an order extending the one hundred and twenty (120) day limit to allow additional time to personally serve Blondin.

## FACTS AND PROCEDURAL POSTURE

The case arises out of an investment fraud perpetrated against plaintiff, Capital. Capital was induced by defendant, Blondin, and his company, defendant, ITM to invest $500,000 in return for which Capital was promised significant returns on "self-liquidating loans." Blondin and ITM never funded the loans, however, and absconded with Capital's investment.

ITM is a corporation organized and existing under the laws of the State of Delaware with a registered office at 701 Renner Road, Wilmington, DE 19810. ITM also maintains an operating office at 36 Avenue de Bovillon, 6800 Libramont, Belgium. Blondin, President and/or Managing Director of ITM, maintained a business address at 701 Renner Road, Wilmington, DE 19810, and was also, on information and belief, a resident of Belgium. Capital sued Blondin personally in this case for his own tortious conduct, and as the alter ego of ITM. The third defendant in this case, Raoul J. Severo ("Severo") was a California lawyer representing Blondin and ITM, who purported to act as the escrow agent for Capital's funds.

Capital filed its Complaint in this case on January 25, 2005. On February 16, 2005, the Complaint was served on Corporate Consulting Ltd., ITM's registered agent for

service of process in Delaware. At the same time, the Complaint was served on Blondin through Corporate Consulting, Ltd., his registered agent for service of process under Federal Rule of Civil Procedure 4 and 10 Del. Code § 3114. The Summons and Complaint were accepted on behalf of Blondin and ITM on February 16, 2005 by Beth Shue of Corporate Consulting, Ltd. On March 11, 2005, Capital filed proofs of service as to Blondin and ITM with this Court. Severo was properly served and filed an answer to the Complaint on March 14, 2005.

Although Capital believes that Blondin was properly served, out of an abundance of caution, Capital has also attempted to serve Blondin personally in Belgium. Despite its best efforts, including hiring a private detective, Capital has been unable to locate Blondin, in Belgium or elsewhere, to serve him personally.

## ARGUMENT

### A. THIS COURT SHOULD ORDER THAT THE 120 DAY LIMIT FOR SERVICE OF PROCESS IN FEDERAL RULE OF CIVIL PROCEDURE 4(m) DOES NOT APPLY TO PERSONAL SERVICE UPON BLONDIN, A FOREIGN NATIONAL.

Federal Rule of Civil Procedure 4(m) provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) . . . . (emphasis added).

Capital believes Blondin is a resident of Belgium. Blondin resided in Belgium during Capital's dealings with him, and Capital has been informed that Blondin still resides in, or is present often, in Belgium. Because personal service upon Blondin constitutes service in a foreign country pursuant to Federal Rule of Civil Procedure 4(f), the one hundred and twenty

(120) day limitation contained in Rule 4(m) does not apply to Capital's efforts to serve process upon Blondin.

The District Court for the District of Delaware has acknowledged that Rule 4(m) removes deadlines for serving a complaint in a foreign country. Johnson v. Medical Department, Civ. A. No. 02-369-KAJ, 2004 WL 758339 (D. Del); In re: Imperial Home Décor Group, Inc., 294 B.R. 607 (D. Del. 2003); see also Pennsylvania Orthopedic Association v. Mercedes Benz, 160 F.R.D. 58 (E.D. Pa. 1995); Young's Trading Co. v. Fancy Import, Inc., 222 F.R.D. 341 (W.D. Tenn. 2004).

Thus, Capital respectfully requests that the Court order that the one hundred and twenty (120) day limit for service of process contained in Fed.R.Civ.P. 4(m) does not apply to service of process on Blondin personally.

### B. IN THE ALTERNATIVE, THIS COURT SHOULD EXTEND THE TIME IN WHICH CAPITAL CAN PERSONALLY SERVE PROCESS UPON BLONDIN.

In the alternative, even if this Court is inclined to find that Capital's service of process upon Blondin is subject to the one hundred and twenty (120) day limitation contained in Federal Rule of Civil Procedure 4(m), the Court should extend the time in which Capital can serve process upon Blondin personally.

Federal Rule of Civil Procedure 4(m) provides that, if a plaintiff shows good cause[1] for its failure to serve process within one hundred and twenty (120) days, "[T]he court shall extend the time for service for an appropriate period." Near the end of Capital's attempted

---

[1] Factors involved in whether a plaintiff can show good cause for its failure to timely serve process upon the defendant include: (i) whether the failure reflects professional incompetence, such as ignorance of the rules of procedure; (ii) whether the failure reflects an easily manufactured excuse incapable of verification by the court; (iii) counsel's failure to provide for a readily foreseeable consequence; (iv) a complete lack of diligence; and (v) whether the failure resulted despite counsel's substantial good faith efforts towards compliance. Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988).

business dealings with Blondin, in 2004, Blondin stopped responding to Capital's correspondence and attempts to contact him. Capital was unable to locate Blondin at the prior business address he had used in Belgium.

Soon after filing the Complaint in the instant matter, Capital retained a private investigator to attempt to locate Blondin in Belgium so that it could effectuate personal service upon Blondin. Capital also served process on Blondin's agent in Delaware. Therefore, Capital has attempted to serve Blondin in good faith and did not act in an incompetent, neglectful manner and without due diligence, did not ignore the rules of procedure and should not have anticipated the delay.

The fact that Capital has served process upon Severo and ITM indicates that Capital has attentively pursued the instant matter and has not acted neglectfully in prosecuting this case. Because Capital has diligently attempted to serve process upon Blondin, this Court should extend the one hundred and twenty (120) day time limitation contained in Federal Rule of Civil Procedure 4(m).

Thus, plaintiff, Capital Investment Agency Limited, respectfully requests that the Court extend the time in which Capital can serve process upon Blondin by a reasonable amount of time, not less than one hundred and eighty (180) days.

## CONCLUSION

For the reasons stated above, plaintiff respectfully requests that this Honorable Court clarify that Federal Rule of Civil Procedure 4(m) does not apply to plaintiff's attempts to serve Blondin personally. In the alternative, plaintiff requests that the Court grant one hundred and eighty (180) days from the date of this Order for Capital to effect personal service on Blondin.

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

By: /s/ Mark R. Owens
Jeffrey M. Carbino, Esquire (No. 4062)
Mark R. Owens, Esquire (No. 4364)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200 – telephone
(302) 552-4295 – facsimile
jmcarbino@klettrooney.com – email
mrowens@klettrooney.com – email

and

Gerald E. Burns, Esquire
Katie L. Miscioscia, Esquire
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103
Telephone: (215) 567-7500
Facsimile: (215) 567-2737

Attorneys for Plaintiff

Dated: May 25, 2005