United States District Court
For the Central District of California

CAPITAL INVESTMENT AGENCY LTD.,
                Plaintiff,

v.

INVESTMENT TRADING MANAGEMENT,
INC., et al.,
                Defendants.

SUBPOENA

Case No. 05-0042

(In the United States District Court,
for the District of Delaware)

To: EQUIVEST CAPITAL CORPORATION
    450 N. Brand Boulevard, 6th Floor
    Glendale, CA 91203

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY: | COURTROOM |
| | DATE AND TIME: |
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE: | DATE AND TIME |
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: See Rider to Subpoena. | |
| PLACE: Klett Rooney Lieber & Schorling<br>Two Logan Square, 12th Floor<br>Philadelphia, PA 19103-2756 | DATE AND TIME:<br>August 22, 2005 at 12:00 p.m. |
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES: | DATE AND TIME: |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant)<br>[signature]<br>**Attorney for Plaintiff** | DATE August 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey M. Carbino, Esquire
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756
(215)567-7500

## RIDER TO SUBPOENA

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1. "Bank of America" shall mean Bank of America, Inc., its officers, directors, partners, employees, attorneys, accountants and representatives and all persons acting on its behalf, for any purpose, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries or related entities and all of their officers, directors, partners, employees, agents, attorneys, accountants and any other person acting or purporting to act on its behalf.

2. "Blondin" shall mean defendant, Maurice Blondin, and his attorneys, agents, representatives or any other person acting, either directly or indirectly, on his behalf.

3. "Capital" shall mean plaintiff, Capital Investment Agency, Limited, and its attorneys, agents, representatives or any other person acting, either directly or indirectly, on its behalf.

4. "Equivest" or "Equivest Capital Corporation" shall mean Equivest Capital Corporation, its officers, directors, partners, employees, attorneys, accountants and representatives and all persons acting on its behalf, for any purpose, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries or related entities and all of their officers, directors, partners, employees, agents, attorneys, accountants and any other person acting or purporting to act on its behalf.

5. "ITM" or "Investment Trading Management" shall mean defendant, Investment Trading Management, Inc., its officers, directors, partners, employees, attorneys, accountants and representatives and all persons acting on its behalf, for any purpose, including without limitation,

its predecessors, successors, parents, affiliates, subsidiaries or related entities and all of their officers, directors, partners, employees, agents, attorneys, accountants and any other person acting or purporting to act on its behalf.

6. "Powell" or "Chris Powell" shall mean Chris Powell, and his attorneys, agents, representatives or any other person acting, either directly or indirectly, on his behalf.

7. "Prider" or "Ian Prider" shall mean Ian Prider, Esquire, and his attorneys, agents, representatives or any other person acting, either directly or indirectly, on his behalf.

8. "Prider & Co." shall mean Prider & Co., Lawyers, its officers, directors, partners, employees, attorneys, accountants and representatives and all persons acting on its behalf, for any purpose, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries or related entities and all of their officers, directors, partners, employees, agents, attorneys, accountants and any other person acting or purporting to act on its behalf.

9. "Severo" shall mean defendant, Raoul J. Severo, and his attorneys, agents, representatives or any other person acting, either directly or indirectly, on his behalf.

10. "Vincent, David & Severo" shall mean Vincent, David & Severo, Inc., its officers, directors, partners, employees, attorneys, accountants and representatives and all persons acting on its behalf, for any purpose, including without limitation, its predecessors, successors, parents, affiliates, subsidiaries or related entities and all of their officers, directors, partners, employees, agents, attorneys, accountants and any other person acting or purporting to act on its behalf.

11. "You", "your" or any other word of similar import, shall mean Bank of America, as defined above.

12. "Person" shall mean any individual, corporation, partnership, or proprietorship.

13. "Communication" shall mean the transfer of any information from one person to another by any means, including, but not limited to, in a document as defined herein, or orally.

14. "Document" or "documents" shall include all forms of written, printed, recorded, chartered, taped, graphic, electronic, magnetic or photographic matter, sound reproduction or computer input or output and specifically includes, but is not limited to, all ordinances, resolutions, agreements, leases, letters, correspondence, memoranda, notes, pleadings, telegrams, telexes, cables, pamphlets, reports, summaries, messages, electronic mail, agendas, minutes, forms, ledgers, accounts, checks, tax returns, records, studies, analyses, books, brochures, circulars, newsletters, press releases, press clippings, legal opinions, working papers, diaries, calendars, contracts, charts, lists, certificates, receipts, invoices, orders, papers, drawings, photographs, worksheets, sketches, graphs, data sheets, data processing cards, tapes, microfilm, x-rays, transcripts, logs, tables, displays, statistical statements, computer printouts, projections, payment receipts, sound records, maps, and any other written, printed, or recorded matter, however produced or reproduced, reduced, recorded, punched, stored, taped, transcribed or received, which are now or at any time were in the possession, custody, or control of you, your present or former agents, attorneys, accountants, consultants, employees or any other person acting on your behalf. "Document" also includes the original and any draft thereof and all nonidentical copies of documents and copies upon which notes have been made.

15. "Identify" or "identity" when used in reference to:

(a) an individual person, means to state his or her full name, present or last known business and home address, present or last known business or professional affiliation, and

business or professional affiliation during the time period covered by your answers to these interrogatories;

(b) a business firm or entity, means to state the type of entity (e.g., corporation, partnership, etc.), its full name and principal place of business;

(c) a document, means to state the date it was authored or originated, the identity of its author or originator, the identity of each person to whom the original or copy was addressed or delivered or who otherwise received a copy of the document, the nature of the document, (e.g., letter or memorandum, etc.), and its present location or custodian. If any document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it, the date thereof, the identity of the person responsible for making the decision as to such disposition, the identity of the person responsible for carrying out such disposition, the reason for the disposition, the content of the document, and the location of any copies of the document; a meeting or oral communication, means to state the date, time, and location of the meeting or communication, the means of communication (e.g., telephone, luncheon meeting, etc.), the identity of each person at the meeting or a party to the communication, the identity of the person who initiated the meeting or communication, and the substance of the matters discussed at the meeting or during the communication.

16. A communication or document "relating to" or that "relates to" any given subject means any communication or document that, in whole or in part, constitutes, contains, embodies, reflects, contradicts, evidences, identifies, states, discusses, analyzes, refers to, describes, deals with or is in any way pertinent to that subject.

17. When asked to "describe" or "state" a communication, meeting, statement, conversation, discussion, action, event, transaction or incident:

(a) state the date, place and time of the occurrence;

(b) state the substance and subject matter of the occurrence;

(c) identify all persons involved in the occurrence and the nature of their involvement; and

(d) identify all documents that relate or refer to the occurrence.

## INSTRUCTIONS

1. Each document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

2. These document requests include any and all documents in the personal files of your present or former agents, employees, accountants and attorneys.

3. All documents shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond with the numbered paragraphs of these requests. If there are no documents responsive to any particular request, the party responding to this subpoena shall so state in writing.

4. In the event that any document or portion thereof is withheld on the basis of any privilege or otherwise claimed to be protected against production, such document shall be identified by stating: (a) the nature of the privilege or reason for withholding which you contend applied; (b) the factual basis for your assertion of privilege or the reason for withholding; (c) the type of document (e.g., letter, memorandum, telex, etc.); (d) all authors and addresses; (e) all indicated and blind copies; (f) all persons to whom the document was distributed, shown or explained; (g) the document's date; (h) a summary description of the document's subject matter; (i) the number of pages and attachments or appendices comprising the document; and (j) its present custodian.

5. In the event that any document called for by any request has been destroyed or discarded, such document shall be identified by stating all of the information requested in subparagraphs (c) through (j) of Instruction 4 and, in addition, (k) its date of destruction or discard, manner of destruction or discard and reason for destruction or discard, (l) the persons

who authored and carried out such destruction or discard, (m) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

6.    If any request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

7.    These requests shall be deemed continuing so as to require supplemental production, if additional documents are received, generated or discovered after the time of original production.

8.    The requests contained herein relate to the time period from January 1, 2001 to the present unless otherwise specified.

## DOCUMENT REQUESTS

1. All documents concerning, referring or relating to, in whole or part, any accounts held by, on behalf of, or in the name of Raoul Severo, including but not limited to all banking records, statements, deposit receipts, and cancelled checks.

2. All documents concerning, referring or relating to, in whole or part, any accounts held by, on behalf of, or in the name of Maurice Blondin, including but not limited to all banking records, statements, deposit receipts, and cancelled checks.

3. All documents concerning, referring or relating to, in whole or part, any accounts held by, on behalf of, or in the name of Investment Trading Management, including but not limited to all banking records, statements, deposit receipts, and cancelled checks.

4. All documents concerning, referring or relating to, in whole or part, any accounts held by, on behalf of, or in the name of Equivest Capital Corporation, including but not limited to all banking records, statements, deposit receipts, and cancelled checks.

5. All documents concerning, referring or relating to, in whole or part, any accounts held by, or in the name of Prider and Co., Lawyers or Ian Prider, including but not limited to all banking records, statements, deposit receipts, and cancelled checks.

6. All documents concerning, referring or relating to, in whole or part, any accounts held by, on behalf of, or in the name of Vincent, David & Severo, including but not limited to all banking records, statements, deposit receipts, and cancelled checks.

7. All documents, concerning, referring or relating to, in whole or in part, the May 6, 2003 wire from Equivest Capital Corporation to Prider & Co., Lawyers, a copy of which is attached hereto as "Exhibit A."

8. All documents concerning referring or relating to, in whole or part, account number 01532-16594.

9. All documents concerning referring or relating to, in whole or part, beneficiary account 100636242 USD 115601 at Commonwealth Bank of Austraila.

10. All documents concerning, referring or relating to, in whole or in part, any correspondence, meeting and/or communication between you and Blondin, ITM, Severo, Prider, Vincent, David & Severo, Equivest, and/or Capital.

11. All documents concerning, referring or relating to, in whole or in part, Blondin.

12. All documents concerning, referring or relating to, in whole or in part, Capital.

13. All documents concerning, referring or relating to, in whole or in part, ITM.

14. All documents concerning, referring or relating to, in whole or in part, Severo and/or Vincent, David & Severo.

15. All documents concerning, referring or relating to, in whole or in part, Equivest.

16. All documents concerning, referring or relating to, in whole or in part, Prider & Co., Lawyers and/or Prider.

17. All documents concerning, referring or relating to, in whole or in part, the current balance of account 01532-16594.

# EXHIBIT A

## Bank of America

**Funds Transfer Request and Authorization**

### Section I: Requestor/Originator Information

- **Name:** EQUIVEST CAPITAL CORPORATION
- **Telephone #:** 626.579.4944
- **Date Wire to be Sent:** 05-06-03
- **Address:** 450 N. BRAND BLVD, 6th FLOOR
- **City:** GLENDALE
- **State:** CA
- **Zip:** 91203
- **Customer ID Type:** CDL
- **ID #:** R0645007
- **Issue State/Country:** CA/US
- **Issue Date:** 09/11/2000
- **Expiration Date:** 10-05-05

### Section II: Associate Accepting Wire

- **Associate Name:** Chris Powell
- **Unit #/Work Phone #:** 155/6605785770
- **Date:** 5-6-03
- **Time:** 1315
- **Unit code:** CA707-01

### Section III: Transfer Payment Instructions (Domestic and US Dollar International only)

- **Amount of Wire:** $550,000
- **Debit Account Type:** CHKG
- **Account to Debit:** 01532-16594
- **Available Balance:** $335,485.97
- **Account Title:** EQUIVEST CAPITAL CORPORATION
- **Wire Fee:** $45

### Section V: Wire Information

- **Beneficiary Name:** PRIDER & CO, LAWYERS
- **Beneficiary Account #:** 100636242 USD 115601
- **Beneficiary Address:** 20 GARNET PLACE, KELLYVILLE, NEW SOUTH WALES, AUSTRALIA
- **Beneficiary Bank Name:** COMMONWEALTH BANK OF AUSTRALIA, SIDNEY
- **ABA/Swift #:** CTBAAU2S
- **Additional Instructions:** CONTACT IAN PRIDER, ESQ — ESCROW FUNDS

### Section VI: Customer Approval

- **Date of Request:** 05/06/03

### Section VII: Wire System Entry/Approval

- **Wire Entered by:** Chris Powell
- **BFT System Time:** 15:54
- **BFT Sequence #:** 010305 06 006 167
- **Date of Entry and Approval:** 5-6-03
- **Approved By:** Lvey
- **BFT System Time:** 16:33