IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITAL INVESTMENT AGENCY LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>INVESTMENT TRADING MANAGEMENT, INC., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-042-KAJ<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Before me is a "motion to clarify or extend time for personal service of process on defendant Maurice Blondin" ("Blondin"), filed by the plaintiff, Capital Investment Agency Limited ("Capital") (Docket Item ["D.I."] 12; the "Motion".) Capital seeks clarification that Federal Rule of Civil Procedure 4(m), which requires service of process within 120 days, does not apply to service on individuals in a foreign country. (D.I. 12 at ¶ 17.) In the alternative, Capital seeks an order extending the 120 days in order to personally serve Blondin. (*Id.* at ¶ 19.) Capital believes Blondin to be a resident of Belgium. (*Id.* at ¶ 16.) Capital's numerous attempts to locate Blondin in order to personally serve him with process, which have included retaining a private investigator, have proven unsuccessful. (*Id.* at ¶ 13.)

Rule 4(m) specifies a 120-day time limit for service of process. In its entirety, Rule 4(m) reads:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected

within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).[1]

Given the language of the Rule, I may well be inclined to agree with Capital that it is not confined by the 120-day time limit, since it is endeavoring to serve someone in a foreign country. But I have not considered the question in any detail, nor may I. Federal courts are forbidden to render advisory opinions. *See Donovan ex rel. Donovan v. Punxsutawney Area School Bd.*, 336 F.3d 211, 217 n.3 (3d Cir. 2003) (rendering an advisory opinion "contraven[es] the Constitution's limitation of federal jurisdiction to actual cases and controversies"). I must therefore decline to provide the requested "clarification." Since the need for an extension is likewise dependent on a determination of whether Capital has thus far proceeded correctly, I also decline to address that alternative aspect of the Motion, and I will simply deny the Motion, without prejudice to any position taken by Capital on the questions it has raised. If the time comes when service of process on Blondin is challenged, a properly framed controversy will allow for a properly considered determination of the questions.

Accordingly, IT IS HEREBY ORDERED that Capital's Motion to Clarify or Extend Time for Personal Service of Process on Defendant, Maurice Blondin (D.I. 12.) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

March 22, 2006
Wilmington, Delaware

---

[1] Rule 4(f) pertains to service upon individuals in a foreign country and Rule (j)(1) pertains to service upon a foreign state.